SCANNED
DATE: 10/26/04
tau

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2004 OCT 25  A 10: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

---

SAN LUIS CENTRAL RAILROAD CO.,

        **Plaintiff**

        v.

SPRINGFIELD TERMINAL RAILWAY CO.,
MAINE CENTRAL RAILROAD CO.,
BOSTON AND MAINE CORP., and
PORTLAND TERMINAL CO.,

        **Defendants**

        **and**

BANK OF AMERICA,

        **Trustee Process Defendant.**

04 CV 12229 PBS

MAGISTRATE JUDGE M00

C.A. No.

RECEIPT # 59563
AMOUNT $ 150
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. T.O.M
DATE 10/25/04

---

**DEFENDANTS' NOTICE OF REMOVAL**

      The Defendants in this action, the Springfield Terminal Railway Company, the

Maine Central Railroad Company, the Boston and Maine Corporation and the Portland

Terminal Company, hereby give notice of the removal of the above-captioned action

from the Suffolk County Superior Court, Civil Action Number 04-458 C, to this United

States District Court, pursuant to 28 U.S.C. § 1441.

**I.      FACTUAL BACKGROUND**

On October 20, 2004, the Defendants were served with Plaintiff San Luis Central

Railroad Company's "Emergency Motion for Attachment and Trustee Process", together with a Complaint setting forth various state law causes of action. Exhibits A and B hereto. Plaintiff and Defendants are common carriers by rail and are therefore subject to the jurisdiction of the United States Surface Transportation Board ("STB"). Complaint, ¶ 7, *49 U.S.C. § 10501(a)*. The Complaint alleges that Defendants owe approximately $36,000 in so called "car hire" for the use of Plaintiff's railroad cars on Defendants' lines of railroad in accordance with the Codes of Car Service and Car Hire Rules promulgated by the Association of American Railroads (the "Codes"). Complaint, ¶ 9. The state law causes of action alleged by Plaintiff are Breach of Contract (Count I), Breach of Covenant of Good Faith and Fair Dealing (Count II), Violation fo M.G.L. c. 93A, § 11 (Count III), Unjust Enrichment (Count IV), Conversion (Count V), Request for and Injunction (Count VI), and Trustee Process and Attachment (CountVII). No federal causes of action are alleged in the Complaint. The Complaint also discloses that plaintiff is a Colorado corporation with its principal place of business in Illinois, Defendant Springfield Terminal Railway Company is a Vermont corporation with its principal place of business in Massachusetts, Defendant Maine Central Railroad Company is a Maine corporation with its principal place of business in Massachusetts, Defendant Boston and Maine Corporation is a Delaware corporation with its principal place of business in Massachusetts, Defendant Portland Terminal Company is a Maine corporation with its principal place of business in Massachusetts and Trustee Process Defendant Bank of America is a Delaware Corporation with its principal place of business in North Carolina. Complaint, ¶¶ 1-6, http://www.bankofamerica.com. Plaintiff seeks not only payment of approximately $36,000 in "car hire", but also double or treble damages and attachment of

2

Defendants' bank accounts in an amount in excess of $100,000.00. Complaint, ¶¶ 20, 29, 39.

## II.     BASIS FOR REMOVAL

### A. Diversity of Citizenship

A United States District Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. *28 U.S.C. § 1332(a)(1)*. For purposes of determining citizenship, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *28 U.S.C. § 1332(c)(1)*.

As alleged by the Complaint, complete diversity exists in this action, as none of the Defendants are either incorporated in Colorado or have a principal place of business in Illinois. Furthermore, Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs, in that Plaintiff is seeking to triple the amount allegedly owed by Defendants and is also seeking to attach Defendants property in an amount in excess of $100,000.00.[1] Accordingly, removal is proper as this Court has original jurisdiction over this action pursuant to section 1332.

### B. Complete Preemption Doctrine

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Ntl. Bank, et. al. v. Anderson, et. al.*, 539 U.S. 1, 6 (S. Ct. 2003). However, an exception exists when a federal statute so completely preempts the state law cause of action so that a state law

---

[1] Defendants have submitted payment in the amount of $36,212.54 for "car hire" incurred through August of 2004 to Plaintiff's attorney. However, Plaintiff has not informed Defendants as to whether or not this payment will be accepted. In any event, Plaintiff still seeks to attach Defendants' property in an amount in excess of $100,000.00, apparently regardless of whether this payment is accepted or not.

3

claim that comes within that cause of action is in reality based upon federal law, such a

claim is then removable under 28 U.S.C. § 1441(b). *Beneficial Nt. Bank, et. al. v.*

*Andeson, et. al.,* 539 U.S. at 8. The key question is whether the federal statutes at issue

provide the exclusive cause of action for the claim asserted and also set forth the

procedures and remedies governing the cause of action. *Beneficial Ntl. Bank,* at 8.

As common carriers by rail, Plaintiff and Defendants fall under the exclusive

jurisdiction of the United States Surface Transportation Board, and are therefore

regulated pursuant to the Interstate Commerce Act ("ICA"), particularly Title 49, Subtitle

IV, Part A of the United States Code. *49 U.S.C. § 10501(a), (b).* Pursuant to this

regulatory scheme, the United States Surface Transportation Board ("STB") has

exclusive jurisdiction over nearly every activity involving rail transportation, to the extent

that Congress has declared that this regulatory scheme preempts all state law remedies,

with limited exceptions.[2] More particularly, the jurisdiction of the STB over:

> "[T]ransportation by rail carriers, and the remedies provided in this part with
> respect to rates, classifications, rules (including *car service,* interchange and other
> operating rules), practices, routes, services, and facilities of such carriers...is
> exclusive. Except as otherwise provided in this part, *the remedies provided under
> this part with respect to regulation of rail transportation are exclusive and
> preempt the remedies provided under Federal or State law.*"

*49 U.S.C. § 10501(b)(emphasis added).*

As one court has stated, "It is difficult to imagine a broader statement of

Congress' intent to preempt state regulatory authority over railroad operations" than

section 10501(b). *CSX Transp., Inc., v. Georgia Pub. Serv. Comm'n,* 944 F. Supp. 1573,

1581 (N.D. Ga. 1996). Indeed, several courts have found that the doctrine of "complete

---

[2] While section 10501(b) seems to vest exclusive jurisdiction to regulate rail carriers in the STB, concurrent jurisdiction has been found in the District Court. *Pejepscot Industrial Park, Inc. v. Maine Central RR Co.,* 215 F.3d 195 (1st Cir. 2000).

preemption" applies in cases involving the ICA, to the extent that state law claims are brought in an area subject to the jurisdiction of the STB. *Deford v. Soo Line RR Co.,* 867 F.2d 1080 (8th Cir. 1989); *CedarRapids, Inc. v. Chicago, Central, & Pacific RR Co.,* 256 F.Supp.2d 1005 (N.D. IA, 2003); *State of S. Dakota v. Burlington Northern & Santa Fe Rwy Co.,* 280 F.Supp.2d 919 (S.D. 2003).[3]

With this extensive regulatory and preemptive scheme governing nearly every aspect of railroad operations, the sole question to be addressed in this action is whether Plaintiff is seeking to use state law remedies to regulate in an area subject to STB jurisdiction. On this issue, it is clear that the STB has jurisdiction over the manner and means by which rail carriers provide and obtain car service. More particularly, the STB has jurisdiction to require a rail carrier to furnish "safe and adequate" car service, and the STB also has the authority to regulate the compensation paid for the use of freight cars, the terms of any arrangement for the use of freight cars, and sanctions for nonobservance of those regulations. *49 U.S.C. §§ 11121, 11122, 10745.*

Moreover, the "contract" relied upon by Plaintiff is not a traditional contract, but is rather a mechanism submitted to and approved by the Interstate Commerce Commission—predecessor of the STB—as, "...a proposed solution to the ICC's car hire woes." *Southern Pacific Trans. Co., et. al. v. Interstate Commerce Commission,* 69 F.3d 583, 585 (D.C. Cir. 1995). By approving the Code of Car Hire Rules (the "Code"), the ICC enabled railroads to set their own prices for the use of certain cars—where the ICC/STB has not done so—but did nothing to remove ultimate jurisdiction over car hire issues from STB jurisdiction. *Southern Pacific Trans. Co., et. al. v. ICC,* 69 F.3d at 596. In fact, the Code itself arose from an ICC rulemaking proceeding to establish a regulatory

---

[3] The ICA also provides a remedy for persons seeking damages from a rail carrier. *49 U.S.C. §11704.*

framework for car hire pursuant to section 11121 and 11122. *Joint Petition for Rulemaking on Railroad Car Hire Compensation,* 9 I.C.C.2d 1090, 1102 (1993). Further, STB regulations governing car hire issues reference the Code, but do not state that STB jurisdiction is delegated to the Code, the Association of American Railroads, or its members. *49 C.F.R.§ 1033.1.* The Code is an agreement, authorized by the STB, that addresses how railroads will interact with one another within the context of their federal obligation to provide car service. *Joint Petition for Rulemaking on Railroad Car Hire Compensation,* 9 I.C.C.2d 1090, 1102 (1993).

Finally, Judge Stearns of this Court also found that state law causes of action for the collection of "car mileage"—a similar charge for the use of tank cars by railroads— were preempted by the STB's regulatory authority despite the existence of an agreement between railroads and car owners. *Engelhard Corp. v. Springfield Terminal Railway Co., et. al.,* 193 F.Supp.2d 385, 390 (D. Mass. 2002). As Judge Stearns noted,

> "With respect to car mileage allowances, section 11122(a) directs the STB to establish rates for the use by a rail carrier of third party freight cars. Similar authority is found in section 10745 which authorizes the STB to "establish a charge or allowance for transportation or service for property when the owner of the property, directly or indirectly furnishes a service related to or an instrumentality used in the transportation or service." The predecessor ICC exercised this authority in promulgating Freight Tariff 6007, which establishes compensation rates for the use of tank cars, as well as rules for the filing, processing and protest of mileage allowances. *This interplay of remedial statutes and regulation leads inescapably to the conclusion that Congress has occupied the field of car mileage allowances so completely as to preempt any potentially parallel state-law remedy.*"

*Engelhard Corp. v. Springfield Terminal Railway Co., et. al.,* 193 F. Supp. 2d at 390 *(emphasis supplied).*

Plainly, therefore, the STB continues to have jurisdiction over rates and practices relating to the use of freight cars by railroads, and this jurisdiction so completely preempts any

potential state law remedies as to provide this Court with federal question jurisdiction pursuant to 28 U.S.C. 1331.

**October 25, 2004**

         Respectfully submitted,

         Robert B. Culliford
         BBO# 638468
         Iron Horse Park
         North Billerica, MA 01862
         (978) 663-1029
         rculliford@guilfordrail.com

         *Attorney for Defendants*
         *Boston and Maine Corporation*
         *Maine Central Railroad Company*
         *Springfield Terminal Railway Company*
         *Portland Terminal Company*

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing documents were served on October 25, 2004, by hand upon the following parties to this action:

James E. Howard
One Thompson Square
Suite 201
Charlestown, MA 02129

Bank of America
100 Federal Street
Boston, MA 02125

**Dated:  October 25, 2004**

Robert B. Culliford