# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.                                                    SUPERIOR COURT
                                                                C.A. NO. 04-4548

```
THE SAN LUIS CENTRAL RAILROAD COMPANY,  )
                                        )
                Plaintiff               )
                                        )
        v.                              )
                                        )
SPRINGFIELD TERMINAL RAILWAY COMPANY,   )
MAINE CENTRAL RAILROAD COMPANY,         )
BOSTON AND MAINE CORPORATION and        )
PORTLAND TERMINAL COMPANY,              )
                                        )
                Defendants              )
                                        )
                and                     )
BANK OF AMERICA,                        )
                                        )
                Trustee Process Defendant)
```

## EMERGENCY MOTION OF THE SAN LUIS CENTRAL RAILROAD COMPANY FOR ATTACHMENT AND TRUSTEE PROCESS

The San Luis Central Railroad Company ("San Luis Central") hereby requests the Court to enter orders pursuant to Massachusetts Rules of Civil Procedure 4.1 and 4.2 attaching real property of the defendants and granting a trustee process attachment against funds held in an account of the defendants by the Bank of America. In support thereof, San Luis Central alleges as follows:

As described in the Complaint, this is an action to recover "car hire" which is comprised of amounts owed by the defendants, which operate a rail system known as the "Springfield Terminal Rail System", for the use of rail freight cars of San Luis Central. In addition, San Luis Central is seeking double or treble damages pursuant to

Massachusetts General Law ch. 93A as a consequence of the defendants' blatant disregard of clear contractual obligations to pay car hire.

Rules 4.1 and 4.2 explicitly authorize the Court to approve a trustee process attachment and a real estate attachment if there is a reasonable likelihood that the plaintiff will recover a judgment in an amount equal to or greater than the amount of the attachment and there is no liability insurance known to be available to satisfy a judgment. See Gauthier v. Blanco, 2002 Mass. App. Div. 121, 2002 WL 1453660*1 (Mass. App. Div.); Kitlaeff v. Maloney, 1 Mass. L. Rptr. 328 (1993); Construction Publishing Co. v. Eaton-Turner, Inc., 24 Mass. App. Ct. 917 (1987).

There is no issue with respect to the liability of the Springfield Terminal Rail System for the car hire in question. The obligation is clearly delineated in a contract to which San Luis Central and the defendants are parties. Complaint at ¶ 10; Affidavit of Edward A. Burkhardt ("Burkhardt") at ¶ 2. Moreover, there is no issue with respect to the amount owed by the Springfield Terminal Rail System. Complaint at ¶¶ 13-14; Burkhardt at ¶ 5. The amount in controversy is based upon the records of the Springfield Terminal Rail System and is reported monthly to San Luis Central. Id. Thus, there is more than a reasonable likelihood that San Luis Central will obtain a judgment in this action.

There is a substantial risk that the Springfield Terminal Rail System will not pay the judgment entered in this case. Complaint at ¶¶ 15-17; Burkhardt at ¶¶ 6-7. Notwithstanding a contractual obligation to pay monthly and repeated requests by San Luis Central for payment, the Springfield Terminal Rail System has not paid car hire to San Luis Central on a timely basis for many years. Complaint at ¶ 15; Burkhardt at ¶¶ 4-

2

5. Even if the Springfield Terminal Rail System were inclined to pay the judgment entered in this case, there is the risk that it will not have adequate funds to pay the judgment. Complaint at ¶ 17; Burkhardt at ¶ 7. As described in the Complaint, the Springfield Terminal Rail System appears to be compelling San Luis Central and other creditors to provide working capital that the Springfield Terminal Rail System cannot generate without forced "borrowings" from parties with which it does business. Complaint at ¶ 17; Burkhardt at ¶¶ 6-7. In these circumstances, an attachment is needed in order to secure and to provide a source of payment of the judgment.

The principal amount of the car hire that is due and payable at this time is approximately $36,000, and, based upon recent experience, the principal amount will continue to grow at the rate of approximately $6,000 per month. Complaint at ¶ 13. In addition, however, San Luis Central is seeking double or treble damages and counsel fees pursuant to ch. 93A, and interest has begun to accrue on the amount of the judgment. In the circumstances, an attachment in the amount of $100,000 would be reasonable and appropriate.

Springfield Terminal Railway Company, one of the defendants, has a bank account at the Bank of America. Furthermore, Boston and Maine Corporation, another of the defendants, owns real property located in Massachusetts in Suffolk and Middlesex Counties.

WHEREFORE, San Luis Central respectfully requests the Court to order (1) an attachment in the amount of $100,000 against real property of any of the defendants located in Suffolk or Middlesex Counties, Massachusetts and (2) a trustee process

3

attachment against funds of any of the defendants in the hands of the Bank of America.

        Respectfully submitted,

        SAN LUIS CENTRAL RAILROAD
        COMPANY

        By its attorney,

        */s/ James E. Howard*
        James E. Howard
        One Thompson Square
        Suite 201
        Charlestown, Massachusetts 02129
        617-886-9322

Dated: October 19, 2004

## CERTIFICATE OF SERVICE

I, James E. Howard, hereby certify that on this 19th day of October, 2004 I served the foregoing "Emergency Motion of The San Luis Central Railroad Company for Attachment and Trustee Process" by sending copies via Federal Express to the following:

> Robert B. Culliford
> General Counsel
> Guilford Rail System
> Iron Horse Park
> North Billerica, Massachusetts 01862
>
> Bank of America
> 100 Federal Street
> Boston, Massachusetts 02241

*James E. Howard*

COMMONWEALTH OF MASSACHUSETTS
~~BUSINESS LITIGATION SESSION~~

SUFFOLK, ss.                                                             SUPERIOR COURT
                                                                         C.A. NO. 04-4548 C

---

THE SAN LUIS CENTRAL RAILROAD COMPANY,  )
                                         )
            Plaintiff                    )
                                         )
        v.                               )
                                         )
SPRINGFIELD TERMINAL RAILWAY COMPANY,    )
MAINE CENTRAL RAILROAD COMPANY,          )
BOSTON AND MAINE CORPORATION and         )
PORTLAND TERMINAL COMPANY,               )
                                         )
            Defendants                   )
                                         )
            and                          )
BANK OF AMERICA,                         )
                                         )
            Trustee Process Defendant    )

---

## AFFIDAVIT OF EDWARD A. BURKHARDT

Edward A. Burkhardt, being duly sworn, deposes and says:

1. I am the President and Treasurer of The San Luis Central Railroad Company ("San Luis Central"). I am generally familiar with the business and operations of San Luis Central, and, in particular, I am familiar with the freight cars owned by San Luis Central and the obligations of other railroads to pay "car hire" for the use of such freight cars. I am also Chairman of the Board of Directors of Montreal, Maine & Atlantic Railway, which is a railroad that has a line that connects directly with the Springfield Terminal Rail System, which is owned and operated by the defendants in this case. As a

result, I am generally familiar with the Springfield Terminal Rail System and its operations.

2. Freight cars owned by San Luis Central, as well as other freight cars owned by other railroads or non railroads, move as necessary over the lines of multiple railroads in order to transport freight from origins to destinations throughout North America. Pursuant to an agreement among almost all North American railroads, referred to as "Circular No. OT-10", each railroad is obligated to pay the owner of freight cars a specified amount for each day that the cars are on the line of a non-owning railroad. Pursuant to the agreement, each railroad that has the cars of another railroad on its line sends a report each month to the owner of the cars and is obligated to pay the amount of car hire indicated to be due by the report. San Luis Central and the Springfield Terminal Rail System are parties to the agreement.

3. Freight must move from origins to destinations without interruption in order for railroads to meet their obligations as carriers. The car hire system described above was devised and implemented by the railroads in order to facilitate the movement of freight and to ensure that appropriate car hire payments were made monthly to railroads that owned cars. Railroad car owners have no ability to use self-help if other railroads over which the cars move refuse or fail to pay car hire as it comes due. For example, car owners cannot require prepayment, nor can they divert cars to avoid movement over railroads that do not pay car hire as required.

4. From 2001 until April, 2004, the Springfield Terminal Rail System did not pay San Luis Central amounts owed for car hire as they came due. I sent several letters to officials of the Springfield Terminal Rail System demanding payment, but I received no

response whatsoever. Ultimately, San Luis Central was forced to hire legal counsel to pursue payment of the car hire amounts that were unpaid. Finally, in April, 2004, we were able to recover car hire attributable to the period from 2001 through February, 2004.

5. For all months beginning with March, 2004 to the present time, the Springfield Terminal Rail System has refused to pay car hire to San Luis Central. The car hire amounts are based upon reports prepared by the Springfield Terminal Rail System, and there is no dispute with respect to such amounts. The Springfield Terminal Rail System sends monthly reports to San Luis Central, but the reports are not accompanied by any payment, as required by the car hire agreement. Despite repeated demand for payment, no payment has been made for any months beginning with March, 2004.

6. It is my understanding that the Springfield Terminal Rail System is not paying certain of its bills in a timely manner. For example, I have reviewed several newspaper articles that indicate that the Springfield Terminal Rail System owes in excess of $1 million in real estate taxes to Rensselaer County, New York and approximately $200,000 in taxes to Waterville, Maine. Based upon conversations with others in the rail transportation industry and my general knowledge of the Springfield Terminal Rail System, I believe that other railroads and entities that own rail cars that move across the Springfield Terminal Rail System have not been paid car hire that is due and owing.

7. The Springfield Terminal Rail System does not publish any financial information, but it is my understanding, again based upon conversations with others in the rail transportation industry and my general knowledge of the Springfield Terminal Rail System, that the Springfield Terminal Rail System has inadequate working capital and that this inadequacy is the reason that certain bills, such as the car hire owed to San

Luis Central, are not paid. Because of the situation, there is a risk that the Springfield Terminal Rail System will choose not to pay a judgment that may be entered in this action, just as they chose not to pay car hire to from 2001 through early 2004 and then again from March, 2004 to the present time. Even if they wished to pay a judgment, there is a risk that they will be unable to do so because of a lack of sufficient working capital. In these circumstances, there is a clear need for security or a designated source of funds to ensure payment of a judgment.

Sworn to and subscribed under the penalties of perjury this ___ day of October, 2004.

*Edward Burkhardt*

Edward A. Burkhardt

## CERTIFICATE OF SERVICE

I, James E. Howard, hereby certify that on this 19th day of October, 2004 I served the foregoing "Affidavit of Edward A. Burkhardt" by sending copies via Federal Express to the following:

>Robert B. Culliford
>General Counsel
>Guilford Rail System
>Iron Horse Park
>North Billerica, Massachusetts 01862

>Bank of America
>100 Federal Street
>Boston, Massachusetts 02241

_____
James E. Howard

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.                                                SUPERIOR COURT
                                                            C.A. NO.
                                                            04-4548

THE SAN LUIS CENTRAL RAILROAD COMPANY, )
                                       )
            Plaintiff                  )
                                       )
        v.                             )
                                       )
SPRINGFIELD TERMINAL RAILWAY COMPANY,  )    PLAINTIFF'S MOTION FOR
MAINE CENTRAL RAILROAD COMPANY,        )    SPECIAL PROCESS SERVER
BOSTON AND MAINE CORPORATION and       )
PORTLAND TERMINAL COMPANY,             )
                                       )
            Defendants                 )
                                       )
        and                            )
BANK OF AMERICA,                       )
                                       )
            Trustee Process Defendant  )

Pursuant to Mass.R.Civ. P. 4(c), the Plaintiff, The San Luis Central Railroad Company, moves for an order appointing Beacon Hill Research Associates as special process server in the above-captioned action for all purposes contemplated by Mass.R.Civ. P. 4.

Service of process will be made by a disinterested person over the age of 18.

SUFFOLK, ss.    SUPERIOR COURT DEPT.
(date) 10/19/04
ALLOWED BY THE COURT.

ATTEST:
_____
Assistant Clerk

Dated: October 19, 2004

                                THE SAN LUIS CENTRAL
                                RAILROAD COMPANY

                                By its attorney,

                                _____
                                James E. Howard
                                One Thompson Square
                                Suite 201
                                Charlestown, Massachusetts 02129
                                617-886-9322