# EXHIBIT B

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4548 C



The San Luis Central Railroad Co., Plaintiff(s)

v.

Springfield Terminal Railway Co., et al., Defendant(s)

## SUMMONS

To the above-named Defendant: Springfield Terminal Railway Co.

You are hereby summoned and required to serve upon James E. Howard plaintiff's attorney, whose address is One Thompson Square, Suite 201, Charlestown MA 02129, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the **nineteenth** day of **October**, in the year of our Lord two thousand **2004**.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-4548 C

The San Luis Central Railroad Co., Plaintiff(s)

v.

Springfield Terminal Railway Co., et al, Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: Boston and Maine Corp.

You are hereby summoned and required to serve upon James E. Howard plaintiff's attorney, whose address is One Thompson Square, Suite 201, Charlestown, MA 02129, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the __nineteenth__ day of __October__, in the year of our Lord two thousand __2004__.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 04-4548 C

The San Luis Central Railroad Co., Plaintiff(s)

v.

Springfield Terminal Railway Co., et al, Defendant(s)

## SUMMONS

To the above-named Defendant: Maine Central Railroad Co.

You are hereby summoned and required to serve upon James E. Howard plaintiff's attorney, whose address is One Thompson Sq., Suite 201, Charlestown, MA 02129, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ~~nineteenth~~ _____ day of ~~October~~ _____, in the year of our Lord two thousand ____2004____.

*Michael Joseph Donovan*
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 04-4548 C

The San Luis Central Railroad Co., Plaintiff(s)

v.

Springfield Terminal Railway Co., et al, Defendant(s)

## SUMMONS

To the above-named Defendant: Portland Terminal Co.

You are hereby summoned and required to serve upon James E Howard plaintiff's attorney, whose address is One Thompson Sq., Suite 201, Charlestown, MA 02129, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the __nineteenth__ day of __October__, in the year of our Lord two thousand __four__.

_Michael Joseph Donovan_
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-4548 C | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S): THE SAN LUIS CENTRAL RAILROAD CO.

DEFENDANT(S): SPRINGFIELD TERMINAL RAILWAY CO., BOSTON AND MAINE CORP., MAINE CENTRAL RAILROAD CO. AND PORTLAND TERMINAL CO.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: JAMES E. HOWARD, ONE THOMPSON SQUARE, SUITE 201, CHARLESTOWN, MA 02129

Board of Bar Overseers number:

ATTORNEY (if known): ROBERT B. CULLIFORD, IRON HORSE PARK, N. BILLERICA, MA 01862

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | BREACH OF CONTRACT | ( ) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................. $
  2. Total Doctor expenses .............................................. $
  3. Total chiropractic expenses ........................................ $
  4. Total physical therapy expenses .................................... $
  5. Total other expenses (describe) .................................... $
    Subtotal $
B. Documented lost wages and compensation to date ...................... $
C. Documented property damages to date ................................. $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages ................................... $
F. Other documented items of damages (describe)
    $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$
TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
DEFENDANTS HAVE REFUSED TO PAY AMOUNTS DUE UNDER A CONTRACT

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _James E. Howard_    DATE: 10/19/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
~~BUSINESS LITIGATION SESSION~~

SUFFOLK, ss.                                                                    SUPERIOR COURT
                                                                                 C.A. NO.
                                                                                      04-4548 C

|  |  |
|---|---|
| THE SAN LUIS CENTRAL RAILROAD COMPANY, | ) |
| Plaintiff | ) |
| v. | ) |
| SPRINGFIELD TERMINAL RAILWAY COMPANY, MAINE CENTRAL RAILROAD COMPANY, BOSTON AND MAINE CORPORATION and PORTLAND TERMINAL COMPANY, | ) |
| Defendants | ) |
| and | ) |
| BANK OF AMERICA, | ) |
| Trustee Process Defendant | ) |

## COMPLAINT

### Introduction

The San Luis Central Railroad Company ("San Luis Central") brings this action to recover amounts owed by the defendants, four railroads operating as the "Springfield Terminal Rail System," for "car hire" for the use of rail freight cars of San Luis Central. There is no question or dispute with respect to the liability of the defendants or the amount that is due, both of which have been established by the provisions of a contract among the parties. The Springfield Terminal Rail System has simply refused, without explanation, to pay. Such a refusal to pay, particularly in view of their clear contractual

obligation, is a blatant disregard of such contractual obligations and constitutes a knowing and willful violation of Massachusetts General Law ch. 93A.

Based upon its history of failing to pay car hire and the apparent inability of the Springfield Terminal Rail System to pay all of its obligations as they come due, there is a substantial risk that the defendants will continue to refuse to pay car hire obligations in the future and will dissipate such cash and other assets as they have, making it highly questionable whether they will be able to satisfy a judgment in this action. In these circumstances, it is appropriate for the Court to enter an order requiring the defendants to pay car hire obligations as they come due in the future and attaching the defendants' assets in an amount sufficient to ensure payment of a judgment.

## Parties

1. San Luis Central is a Colorado corporation that has its principal place of business in Colorado and an office in Evanston, Illinois.

2. The defendant, Springfield Terminal Railway Company ("Springfield Terminal"), is a Vermont corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

3. The defendant, Maine Central Railroad Company ("Maine Central"), is a Maine corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

4. The defendant, Boston and Maine Corporation ("Boston and Maine"), is a Delaware corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

5. The defendant, Portland Terminal Company ("Portland Terminal"), is a Maine corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

6. The trustee process defendant, Bank of America, transacts business in Massachusetts and has a place of business at 100 Federal Street, Boston, Massachusetts.

Facts

7. Maine Central, Boston and Maine and Portland Terminal own rail lines and facilities that are operated by Springfield Terminal as an integrated rail system known as the Springfield Terminal Rail System. The principal office of the Springfield Terminal Rail System is in North Billerica, Massachusetts.

8. San Luis Central is a rail carrier that owns and operates a rail line in Colorado. San Luis Central also owns and leases railroad freight cars that move throughout North America as part of the North American rail system.

9. Virtually all of the railroads in North America, numbering in excess of 700, are parties to a contract referred to as "Circular No. OT-10, Car Service and Car Hire Agreement" (the "Contract") that governs the use of and payment for railroad freight cars. Parties to the Contract, or subscribers, have agreed with each other to "abide by and enforce the rules prescribed for the handling of and settlement for freight cars and included in the Codes of Car Service and Car Hire Rules, promulgated by the Association [of American Railroads]," which is an industry trade group.

10. Maine Central, Boston and Maine and Portland Terminal are subscribers to the Contract. On information and belief, Springfield Terminal acts for itself and the other constituents of the Springfield Terminal Rail System--Maine Central, Boston and Maine

3

and Portland Terminal--for purposes of the Contract and the use of and accounting and payment for railroad freight cars.

11. In accordance with the Contract, Springfield Terminal keeps records of the number of days that cars owned or leased by San Luis Central are on or moving over lines that form part of the Springfield Terminal Rail System. The Contract specifies the amount that the Springfield Terminal Rail System owes San Luis Central for each San Luis Central freight car that is on a line of the Springfield Terminal Rail System. The amount owed is referred to as "car hire".

12. Rule 3 of the Contract requires that within one month and 10 days after the end of each calendar month Springfield Terminal must provide a report to San Luis Central stating the number of days that each car owned or leased by San Luis Central was on a line of the Springfield Terminal Rail System and, as a consequence, the amount of car hire owed by the Springfield Terminal Rail System to San Luis Central. Furthermore, Rule 12 of the Contract provides that Springfield Terminal must, on a monthly basis, make "settlement"--pay--the car hire amounts shown in such reports as being due to San Luis Central.

13. Notwithstanding requests by San Luis Central, Springfield Terminal has refused to pay the amount of car hire that the reports of Springfield Terminal show are due and owing to San Luis Central for all months after February, 2004. The total amount due and unpaid in respect of car hire that accrued through August 31, 2004, the latest month for which information is available, was $36,212.54. It is anticipated that the car hire obligation of the Springfield Terminal Rail System to San Luis Central will accrue at the rate of approximately $6,000 a month subsequent to August, 2004.

14. San Luis Central has made numerous demands on Springfield Terminal for payment of car hire amounts that Springfield Terminal acknowledges, through its own record keeping and reporting, are due and payable pursuant to the Contract. Although there is no dispute with respect to the liability of Springfield Terminal or the amount due to San Luis Central, Springfield Terminal has refused or failed to pay.

15. Between April, 2001 and February, 2004, Springfield Terminal refused, both on a monthly basis in accordance with the Contract and in response to numerous demands by San Luis Central, to pay car hire owed to San Luis Central. As in the case of car hire for March, 2004 through August, 2004, there was no dispute with respect to the liability of Springfield Terminal or the amount owed to San Luis Central. In April, 2004, after retention of counsel by San Luis Central and negotiations between the parties, Springfield Terminal made a payment to San Luis Central to resolve the claims of San Luis Central for car hire that had accrued through February, 2004. Springfield Terminal refused a request by San Luis Central at that time to agree to pay car hire on a current basis going forward.

16. On information and belief, Springfield Terminal has financial problems or has insufficient working capital that prevent it from paying all of its obligations as they come due. For example, on information and belief, one or more of the constituents of the Springfield Terminal Rail System has not paid real estate taxes to various taxing authorities, and Springfield Terminal has not paid car hire owed to certain railroads other than San Luis Central.

17. On information and belief, Springfield Terminal has chosen, in order to attempt to manage its financial problems or to address working capital shortfalls,

5

selectively to pay certain creditors and selectively to refuse to pay other creditors. Creditors that have not been paid, such as taxing authorities or railroads that are owed car hire, have little or no ability to compel payment by withholding services or requiring prepayment. The effect of these actions by Springfield Terminal is to require San Luis Central and other similarly situated creditors involuntarily to contribute to the financing of the working capital requirements of the Springfield Terminal Rail System.

## Count I (Breach of Contract)

18. San Luis Central repeats and incorporates by reference paragraphs 1 through 17 above.

19. San Luis Central and the defendants are parties to and bound by the terms of the Contract. Pursuant to the Contract, the defendants owe San Luis Central $36,212.54.

20. The defendants have breached the terms of the Contract, and, as a result, San Luis Central has suffered damages and is entitled to recover $36,212.54, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

## Count II (Covenant of Good Faith and Fair Dealing)

21. San Luis Central repeats and incorporates by reference paragraphs 1 through 20 above.

22. The conduct of the defendants described above constitutes a breach of the implied covenant of good faith and fair dealing with respect to the Contract.

23. As a result of such breach, San Luis Central has suffered damages in the amount of $36,212.54, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

### Count III (Violation of M.G. L. 93A, §11)

24. San Luis Central repeats and incorporates by reference paragraphs 1 through 23 above.

25. At all relevant times, San Luis Central and the defendants were engaged in trade or commerce within the meaning of M.G.L. ch. 93A.

26. The actions and conduct of the defendants, as described above, were in complete disregard of their known and undisputed obligations pursuant to the Contract and were intended to secure for the defendants the benefits of obtaining working capital involuntarily from San Luis Central in order to enable the defendants to operate their business and to pay obligations other than those owed by the defendants to San Luis Central.

27. The actions and conduct of the defendants were unfair or deceptive acts or practices in trade or business and constituted knowing and willful violations of M. G. L. ch. 93A.

28. The unfair and deceptive acts or practices of the defendants occurred primarily if not exclusively in the Commonwealth of Massachusetts.

29. As a result of the actions and conduct of the defendants, San Luis Central suffered damages in the amount of $36,212.54 and is entitled to double or treble such damages, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

### Count IV (Unjust Enrichment)

30. San Luis Central repeats and incorporates by reference paragraphs 1 through 29 above.

7

31. The defendants were not entitled to retain funds that should have been paid to San Luis Central in respect of car hire. As a result of retaining such funds, the defendants were unjustly enriched.

32. San Luis Central is entitled to restitution of all amounts by which the defendants have been unjustly enriched.

### Count V (Conversion)

33. San Luis Central repeats and incorporates by reference paragraphs 1 through 32 above.

34. The defendants intentionally and wrongfully exercised control or dominion over funds necessary to make car hire payments that were earned by and due to be paid to San Luis Central and converted such funds to their own use.

35. As a result of such conversion, San Luis Central was damaged in the amount of $36,212.54, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

### Count VI (Injunction)

36. San Luis Central repeats and incorporates by reference paragraphs 1 through 35 above.

37. The repeated and flagrant refusal of the defendants over a four-year period to honor their contractual commitments to pay car hire to San Luis Central each month as it comes due constitutes grounds for an order enforcing the terms of the Contract by requiring the defendants to pay car hire each month as it comes due. Such a mandatory injunction is necessary and appropriate, because San Luis Central has no ability to protect

itself by, for example, preventing its cars from moving over the Springfield Terminal Rail System or requiring prepayment.

### Count VII (Trustee Process and Attachment)

38. San Luis Central repeats and incorporates by reference paragraphs 1 through 37 above.

39. Based on the foregoing, it is reasonably likely that San Luis Central will be entitled to a judgment, taking into account car hire that is now due and payable, car hire that will continue to accrue, interest and the possibility of double or treble damages, in an amount in excess of $100,000.

40. San Luis Central is not aware of any insurance available to satisfy the judgment.

41. On information and belief, Springfield Terminal maintains an account at the Bank of America. On information and belief, Boston and Maine owns or has a beneficial interest in various parcels of real property that are located within the Commonwealth of Massachusetts in Suffolk or Middlesex Counties..

42. In accordance with M.G.L. 246, § 1, San Luis Central is entitled to a trustee process attachment of such bank account and to have funds in such account applied to satisfy a judgment in this action. In addition, San Luis Central is entitled to an attachment on all real property located in the Commonwealth of Massachusetts in Suffolk County or Middlesex County that is owned or beneficially held for Boston and Maine or any of the other defendants.

### Relief Requested

San Luis Central respectfully requests that the Court:

1. Order a trustee process attachment in the amount of $100,000 against the funds and credits in the account of any of the defendants at the Bank of America;

2. Order a general attachment in the amount of $100,000 on all real property located in the Commonwealth of Massachusetts in Suffolk County or Middlesex County that is held by or for the benefit of any of the defendants;

3. In respect of Counts I, II, IV and V, enter judgment in favor of San Luis Central and against the defendants in the amount of $36,212.54, plus interest, attorneys' fees, costs and other expenses;

4. In respect of Count III, enter judgment in favor of San Luis Central and against the defendants in an amount double or treble the amount of the damages proven at trial, plus interest, attorneys' fees, costs and other expenses;

5. In respect of Count VI, enforce the Contract by ordering the defendants to pay car hire coming due in the future at the times and in the amounts provided by the Contract; and

6. Award such other or additional relief as may be just and proper.

SAN LUIS CENTRAL DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

> THE SAN LUIS CENTRAL
> RAILROAD COMPANY
>
> By its attorney,
>
> *James E. Howard*
> James E. Howard
> One Thompson Square
> Suite 201
> Charlestown, Massachusetts 02129
> 617-886-9322

October 19, 2004

10