*Suffolk Superior Civil # 04-4548 C*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 25 A 10: 54

U.S. DISTRICT COURT
DISTRICT OF MASS

**04 CV 1 2 2 2 9 PBS**

| | |
|---|---|
| SAN LUIS CENTRAL RAILROAD CO., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| SPRINGFIELD TERMINAL RAILWAY CO., | ) |
| MAINE CENTRAL RAILROAD CO., | ) |
| BOSTON AND MAINE CORP., and | ) |
| PORTLAND TERMINAL CO., | ) |
| | ) |
| Defendants | ) |
| | ) |
| and | ) |
| | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Trustee Process Defendant. | ) |
| | ) |

I HEREBY CERTIFY ON 10/25/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY CUSTODY

... ANASTAS
CLERK ... DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY _____

## DEFENDANTS' NOTICE OF REMOVAL

The Defendants in this action, the Springfield Terminal Railway Company, the
Maine Central Railroad Company, the Boston and Maine Corporation and the Portland
Terminal Company, hereby give notice of the removal of the above-captioned action
from the Suffolk County Superior Court, Civil Action Number 04-458 C, to this United
States District Court, pursuant to 28 U.S.C. § 1441.

## I.     FACTUAL BACKGROUND

On October 20, 2004, the Defendants were served with Plaintiff San Luis Central

Railroad Company's "Emergency Motion for Attachment and Trustee Process", together with a Complaint setting forth various state law causes of action. Exhibits A and B hereto. Plaintiff and Defendants are common carriers by rail and are therefore subject to the jurisdiction of the United States Surface Transportation Board ("STB"). Complaint, ¶ 7, *49 U.S.C. § 10501(a)*. The Complaint alleges that Defendants owe approximately $36,000 in so called "car hire" for the use of Plaintiff's railroad cars on Defendants' lines of railroad in accordance with the Codes of Car Service and Car Hire Rules promulgated by the Association of American Railroads (the "Codes"). Complaint, ¶ 9. The state law causes of action alleged by Plaintiff are Breach of Contract (Count I), Breach of Covenant of Good Faith and Fair Dealing (Count II), Violation fo M.G.L. c. 93A, § 11 (Count III), Unjust Enrichment (Count IV), Conversion (Count V), Request for and Injunction (Count VI), and Trustee Process and Attachment (CountVII). No federal causes of action are alleged in the Complaint. The Complaint also discloses that plaintiff is a Colorado corporation with its principal place of business in Illinois, Defendant Springfield Terminal Railway Company is a Vermont corporation with its principal place of business in Massachusetts, Defendant Maine Central Railroad Company is a Maine corporation with its principal place of business in Massachusetts, Defendant Boston and Maine Corporation is a Delaware corporation with its principal place of business in Massachusetts, Defendant Portland Terminal Company is a Maine corporation with its principal place of business in Massachusetts and Trustee Process Defendant Bank of America is a Delaware Corporation with its principal place of business in North Carolina. Complaint, ¶¶ 1-6, http://www.bankofamerica.com. Plaintiff seeks not only payment of approximately $36,000 in "car hire", but also double or treble damages and attachment of

Defendants' bank accounts in an amount in excess of $100,000.00. Complaint, ¶¶ 20, 29, 39.

## II.    BASIS FOR REMOVAL

### A. Diversity of Citizenship

A United States District Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between citizens of different states. *28 U.S.C. § 1332(a)(1)*. For purposes of determining citizenship, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *28 U.S.C. § 1332(c)(1)*.

As alleged by the Complaint, complete diversity exists in this action, as none of the Defendants are either incorporated in Colorado or have a principal place of business in Illinois. Furthermore, Plaintiff is seeking damages in excess of $75,000.00, exclusive of interest and costs, in that Plaintiff is seeking to triple the amount allegedly owed by Defendants and is also seeking to attach Defendants property in an amount in excess of $100,000.00.[1] Accordingly, removal is proper as this Court has original jurisdiction over this action pursuant to section 1332.

### B. Complete Preemption Doctrine

"As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Ntl. Bank, et. al. v. Anderson, et. al.*, 539 U.S. 1, 6 (S. Ct. 2003). However, an exception exists when a federal statute so completely preempts the state law cause of action so that a state law

---

[1] Defendants have submitted payment in the amount of $36,212.54 for "car hire" incurred through August of 2004 to Plaintiff's attorney. However, Plaintiff has not informed Defendants as to whether or not this payment will be accepted. In any event, Plaintiff still seeks to attach Defendants' property in an amount in excess of $100,000.00, apparently regardless of whether this payment is accepted or not.

claim that comes within that cause of action is in reality based upon federal law, such a claim is then removable under 28 U.S.C. § 1441(b). *Beneficial Nt. Bank, et. al. v. Andeson, et. al.*, 539 U.S. at 8. The key question is whether the federal statutes at issue provide the exclusive cause of action for the claim asserted and also set forth the procedures and remedies governing the cause of action. *Beneficial Ntl. Bank*, at 8.

As common carriers by rail, Plaintiff and Defendants fall under the exclusive jurisdiction of the United States Surface Transportation Board, and are therefore regulated pursuant to the Interstate Commerce Act ("ICA"), particularly Title 49, Subtitle IV, Part A of the United States Code. *49 U.S.C. § 10501(a), (b)*. Pursuant to this regulatory scheme, the United States Surface Transportation Board ("STB") has exclusive jurisdiction over nearly every activity involving rail transportation, to the extent that Congress has declared that this regulatory scheme preempts all state law remedies, with limited exceptions.[2] More particularly, the jurisdiction of the STB over:

> "[T]ransportation by rail carriers, and the remedies provided in this part with respect to rates, classifications, rules (including *car service*, interchange and other operating rules), practices, routes, services, and facilities of such carriers...is exclusive. Except as otherwise provided in this part, *the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law."*

*49 U.S.C. § 10501(b)(emphasis added).*

As one court has stated, "It is difficult to imagine a broader statement of Congress' intent to preempt state regulatory authority over railroad operations" than section 10501(b). *CSX Transp., Inc., v. Georgia Pub. Serv. Comm'n*, 944 F. Supp. 1573, 1581 (N.D. Ga. 1996). Indeed, several courts have found that the doctrine of "complete

---

[2] While section 10501(b) seems to vest exclusive jurisdiction to regulate rail carriers in the STB, concurrent jurisdiction has been found in the District Court. *Pejepscot Industrial Park, Inc. v. Maine Central RR Co.*, 215 F.3d 195 (1ˢᵗ Cir. 2000).

preemption" applies in cases involving the ICA, to the extent that state law claims are brought in an area subject to the jurisdiction of the STB. *Deford v. Soo Line RR Co.,* 867 F.2d 1080 (8th Cir. 1989); *CedarRapids, Inc. v. Chicago, Central, & Pacific RR Co.,* 256 F.Supp.2d 1005 (N.D. IA, 2003); *State of S. Dakota v. Burlington Northern & Santa Fe Rwy Co.,* 280 F.Supp.2d 919 (S.D. 2003).[3]

With this extensive regulatory and preemptive scheme governing nearly every aspect of railroad operations, the sole question to be addressed in this action is whether Plaintiff is seeking to use state law remedies to regulate in an area subject to STB jurisdiction. On this issue, it is clear that the STB has jurisdiction over the manner and means by which rail carriers provide and obtain car service. More particularly, the STB has jurisdiction to require a rail carrier to furnish "safe and adequate" car service, and the STB also has the authority to regulate the compensation paid for the use of freight cars, the terms of any arrangement for the use of freight cars, and sanctions for nonobservance of those regulations. *49 U.S.C. §§ 11121, 11122, 10745.*

Moreover, the "contract" relied upon by Plaintiff is not a traditional contract, but is rather a mechanism submitted to and approved by the Interstate Commerce Commission—predecessor of the STB—as, "...a proposed solution to the ICC's car hire woes." *Southern Pacific Trans. Co., et. al. v. Interstate Commerce Commission,* 69 F.3d 583, 585 (D.C. Cir. 1995). By approving the Code of Car Hire Rules (the "Code"), the ICC enabled railroads to set their own prices for the use of certain cars—where the ICC/STB has not done so—but did nothing to remove ultimate jurisdiction over car hire issues from STB jurisdiction. *Southern Pacific Trans. Co., et. al. v. ICC,* 69 F.3d at 596. In fact, the Code itself arose from an ICC rulemaking proceeding to establish a regulatory

---

[3] The ICA also provides a remedy for persons seeking damages from a rail carrier. *49 U.S.C. §11704.*

framework for car hire pursuant to section 11121 and 11122. *Joint Petition for Rulemaking on Railroad Car Hire Compensation,* 9 I.C.C.2d 1090, 1102 (1993). Further, STB regulations governing car hire issues reference the Code, but do not state that STB jurisdiction is delegated to the Code, the Association of American Railroads, or its members. *49 C.F.R.§ 1033.1.* The Code is an agreement, authorized by the STB, that addresses how railroads will interact with one another within the context of their federal obligation to provide car service. *Joint Petition for Rulemaking on Railroad Car Hire Compensation,* 9 I.C.C.2d 1090, 1102 (1993).

Finally, Judge Stearns of this Court also found that state law causes of action for the collection of "car mileage"—a similar charge for the use of tank cars by railroads— were preempted by the STB's regulatory authority despite the existence of an agreement between railroads and car owners. *Engelhard Corp. v. Springfield Terminal Railway Co., et. al.,* 193 F.Supp.2d 385, 390 (D. Mass. 2002). As Judge Stearns noted,

> "With respect to car mileage allowances, section 11122(a) directs the STB to establish rates for the use by a rail carrier of third party freight cars. Similar authority is found in section 10745 which authorizes the STB to "establish a charge or allowance for transportation or service for property when the owner of the property, directly or indirectly furnishes a service related to or an instrumentality used in the transportation or service." The predecessor ICC exercised this authority in promulgating Freight Tariff 6007, which establishes compensation rates for the use of tank cars, as well as rules for the filing, processing and protest of mileage allowances. *This interplay of remedial statutes and regulation leads inescapably to the conclusion that Congress has occupied the field of car mileage allowances so completely as to preempt any potentially parallel state-law remedy.*"

*Engelhard Corp. v. Springfield Terminal Railway Co., et. al.,* 193 F. Supp. 2d at 390 (emphasis supplied).

Plainly, therefore, the STB continues to have jurisdiction over rates and practices relating to the use of freight cars by railroads, and this jurisdiction so completely preempts any

potential state law remedies as to provide this Court with federal question jurisdiction pursuant to 28 U.S.C. 1331.

**October 25, 2004**

Respectfully submitted,

HEREBY ATTEST AND CERTIFY ON
OCT. 26, 2004 ____, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK.

Robert B. Culliford
BBO# 638468
Iron Horse Park
North Billerica, MA 01862
(978) 663-1029
rculliford@guilfordrail.com

*Attorney for Defendants*
*Boston and Maine Corporation*
*Maine Central Railroad Company*
*Springfield Terminal Railway Company*
*Portland Terminal Company*

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing documents were served on October 25, 2004, by hand upon the following parties to this action:

James E. Howard
One Thompson Square
Suite 201
Charlestown, MA 02129

Bank of America
100 Federal Street
Boston, MA 02125

**Dated: October 25, 2004**

Robert B. Culhford

**Commonwealth of Massachusetts**
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

## SUCV2004-04548

### San Luis Central Railroad Company v Springfield Terminal Railway Company et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 10/19/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 10/25/2004 | Session | C - Civil C | | |
| Origin | 1 | Case Type | A01 - Services, labor, materials | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 01/17/2005 | Answer | 03/18/2005 | Rule12/19/20 | 03/18/2005 |
| Rule 15 | 03/18/2005 | Discovery | 08/15/2005 | Rule 56 | 09/14/2005 |
| Final PTC | 10/14/2005 | Disposition | 12/13/2005 | Jury Trial | Yes |

**Plaintiff**
San Luis Central Railroad Company
Active 10/19/2004

**Private Counsel 545565**
James E Howard
1 Thompson Square
Suite 201
Charlestown, MA 02129
Phone: 617-886-9322
Fax: 617-886-9324
Active 10/19/2004 Notify

**Defendant**
Springfield Terminal Railway Company
Service pending 10/19/2004

**Private Counsel 638468**
Robert B Culliford
Iron Horse Park
c/o Guilford Rail Systs Law Dept
North Billerica, MA 01862
Phone: 978-663-1029
Fax: 978-663-1213
Active 10/25/2004 Notify

**Defendant**
Maine Central Railroad Company
Service pending 10/19/2004

\*\*\* See Attorney Information Above \*\*\*

**Defendant**
Boston & Maine Corporation
Service pending 10/19/2004

\*\*\* See Attorney Information Above \*\*\*

MAS-20030812
guer.

Commonwealth of Massachusetts
SUFFOLK SUPERIOR COURT
Case Summary
Civil Docket

10/25/2004
03:57 PM

## SUCV2004-04548
### San Luis Central Railroad Company v Springfield Terminal Railway Company et al

| | |
|---|---|
| **Defendant**<br>Portland Terminal Company<br>Service pending 10/19/2004 | *** See Attorney Information Above *** |
| **Trustee Defendant**<br>Bank of America<br>Active 10/19/2004 | |

| Date | Paper | Text |
|---|---|---|
| 10/19/2004 | 1.0 | Complaint (Business) filed with request for trial by jury |
| 10/19/2004 | | Origin 1, Type BE1, Track B. |
| 10/19/2004 | 2.0 | Civil action cover sheet filed |
| 10/19/2004 | 3.0 | Plaintiff San Luis Central Railroad Company's MOTION for appointment of special process server Beacon hill Research Assoc , allowed (Smith,Jr. J) |
| 10/19/2004 | | Summons and order of notice issued; returnable Mon Oct 25., 2004 in Ctrm #13 @2pm re: RE & trustee attachment (Smith,Jr,J) Summns & Ordre of notice isued (See P#1) |
| 10/19/2004 | 4.0 | Civil action cover sheet filed |
| 10/19/2004 | | Track changed to F, Origin 1, Type A01. |
| 10/19/2004 | 5.0 | Emergency motion of the San Luis Central Railroad Co for   attachment and trustee process  (w/o opposition) |
| 10/19/2004 | 6.0 | Affidavit of Edward A Burkhardt |
| 10/25/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. The Springfield Terminal Railway Company, The Maine Central Railroad Company, The Boston and Maine Corporation and The Portland Terminal Company  U. S. Dist.#(04-CV12229PBS). |
| 10/25/2004 | | Case REMOVED this date to US District Court of Massachusetts |

| Date | Session | Event | Result |
|---|---|---|---|
| 10/25/2004 | Civil C | Motion/Hearing: order of notice<br>MOTION FOR ATTACHMENT REAL ESTATE AND TRUSTEE PROCESS | |

. HEREBY ATTEST AND CERTIFY ON

OCT. 26, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

case01 242596 y y y y y y

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY

ASSISTANT CLERK.

Page 2 of 2

1

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.

SUPERIOR COURT
C.A. NO.

04-4548 C
BLS

---

THE SAN LUIS CENTRAL RAILROAD COMPANY, )
)
Plaintiff )
)
v. )
)
SPRINGFIELD TERMINAL RAILWAY COMPANY, )
MAINE CENTRAL RAILROAD COMPANY, )
BOSTON AND MAINE CORPORATION and )
PORTLAND TERMINAL COMPANY, )
)
Defendants )
)
and )
BANK OF AMERICA, )
)
Trustee Process Defendant )
)

---

## COMPLAINT

### Introduction

The San Luis Central Railroad Company ("San Luis Central") brings this action to

recover amounts owed by the defendants, four railroads operating as the "Springfield

Terminal Rail System," for "car hire" for the use of rail freight cars of San Luis Central.

There is no question or dispute with respect to the liability of the defendants or the

amount that is due, both of which have been established by the provisions of a contract

among the parties. The Springfield Terminal Rail System has simply refused, without

explanation, to pay. Such a refusal to pay, particularly in view of their clear contractual

obligation, is a blatant disregard of such contractual obligations and constitutes a knowing and willful violation of Massachusetts General Law ch. 93A.

Based upon its history of failing to pay car hire and the apparent inability of the Springfield Terminal Rail System to pay all of its obligations as they come due, there is a substantial risk that the defendants will continue to refuse to pay car hire obligations in the future and will dissipate such cash and other assets as they have, making it highly questionable whether they will be able to satisfy a judgment in this action. In these circumstances, it is appropriate for the Court to enter an order requiring the defendants to pay car hire obligations as they come due in the future and attaching the defendants' assets in an amount sufficient to ensure payment of a judgment.

<u>Parties</u>

1. San Luis Central is a Colorado corporation that has its principal place of business in Colorado and an office in Evanston, Illinois.

2. The defendant, Springfield Terminal Railway Company ("Springfield Terminal"), is a Vermont corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

3. The defendant, Maine Central Railroad Company ("Maine Central"), is a Maine corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

4. The defendant, Boston and Maine Corporation ("Boston and Maine"), is a Delaware corporation that has its principal place of business at Iron Horse Park, North Billerica, Massachusetts.

and Portland Terminal--for purposes of the Contract and the use of and accounting and payment for railroad freight cars.

11. In accordance with the Contract, Springfield Terminal keeps records of the number of days that cars owned or leased by San Luis Central are on or moving over lines that form part of the Springfield Terminal Rail System. The Contract specifies the amount that the Springfield Terminal Rail System owes San Luis Central for each San Luis Central freight car that is on a line of the Springfield Terminal Rail System. The amount owed is referred to as "car hire".

12. Rule 3 of the Contract requires that within one month and 10 days after the end of each calendar month Springfield Terminal must provide a report to San Luis Central stating the number of days that each car owned or leased by San Luis Central was on a line of the Springfield Terminal Rail System and, as a consequence, the amount of car hire owed by the Springfield Terminal Rail System to San Luis Central. Furthermore, Rule 12 of the Contract provides that Springfield Terminal must, on a monthly basis, make "settlement"--pay--the car hire amounts shown in such reports as being due to San Luis Central.

13. Notwithstanding requests by San Luis Central, Springfield Terminal has refused to pay the amount of car hire that the reports of Springfield Terminal show are due and owing to San Luis Central for all months after February, 2004. The total amount due and unpaid in respect of car hire that accrued through August 31, 2004, the latest month for which information is available, was $36,212.54. It is anticipated that the car hire obligation of the Springfield Terminal Rail System to San Luis Central will accrue at the rate of approximately $6,000 a month subsequent to August, 2004.

14. San Luis Central has made numerous demands on Springfield Terminal for payment of car hire amounts that Springfield Terminal acknowledges, through its own record keeping and reporting, are due and payable pursuant to the Contract. Although there is no dispute with respect to the liability of Springfield Terminal or the amount due to San Luis Central, Springfield Terminal has refused or failed to pay.

15. Between April, 2001 and February, 2004, Springfield Terminal refused, both on a monthly basis in accordance with the Contract and in response to numerous demands by San Luis Central, to pay car hire owed to San Luis Central. As in the case of car hire for March, 2004 through August, 2004, there was no dispute with respect to the liability of Springfield Terminal or the amount owed to San Luis Central. In April, 2004, after retention of counsel by San Luis Central and negotiations between the parties, Springfield Terminal made a payment to San Luis Central to resolve the claims of San Luis Central for car hire that had accrued through February, 2004. Springfield Terminal refused a request by San Luis Central at that time to agree to pay car hire on a current basis going forward.

16. On information and belief, Springfield Terminal has financial problems or has insufficient working capital that prevent it from paying all of its obligations as they come due. For example, on information and belief, one or more of the constituents of the Springfield Terminal Rail System has not paid real estate taxes to various taxing authorities, and Springfield Terminal has not paid car hire owed to certain railroads other than San Luis Central.

17. On information and belief, Springfield Terminal has chosen, in order to attempt to manage its financial problems or to address working capital shortfalls,

selectively to pay certain creditors and selectively to refuse to pay other creditors. Creditors that have not been paid, such as taxing authorities or railroads that are owed car hire, have little or no ability to compel payment by withholding services or requiring prepayment. The effect of these actions by Springfield Terminal is to require San Luis Central and other similarly situated creditors involuntarily to contribute to the financing of the working capital requirements of the Springfield Terminal Rail System.

<u>Count I (Breach of Contract)</u>

18. San Luis Central repeats and incorporates by reference paragraphs 1 through 17 above.

19. San Luis Central and the defendants are parties to and bound by the terms of the Contract. Pursuant to the Contract, the defendants owe San Luis Central $36,212.54.

20. The defendants have breached the terms of the Contract, and, as a result, San Luis Central has suffered damages and is entitled to recover $36,212.54, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

<u>Count II (Covenant of Good Faith and Fair Dealing)</u>

21. San Luis Central repeats and incorporates by reference paragraphs 1 through 20 above.

22. The conduct of the defendants described above constitutes a breach of the implied covenant of good faith and fair dealing with respect to the Contract.

23. As a result of such breach, San Luis Central has suffered damages in the amount of $36,212.54, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

<u>Count III (Violation of M.G. L. 93A, §11)</u>

24. San Luis Central repeats and incorporates by reference paragraphs 1 through 23 above.

25. At all relevant times, San Luis Central and the defendants were engaged in trade or commerce within the meaning of M.G.L. ch. 93A.

26. The actions and conduct of the defendants, as described above, were in complete disregard of their known and undisputed obligations pursuant to the Contract and were intended to secure for the defendants the benefits of obtaining working capital involuntarily from San Luis Central in order to enable the defendants to operate their business and to pay obligations other than those owed by the defendants to San Luis Central.

27. The actions and conduct of the defendants were unfair or deceptive acts or practices in trade or business and constituted knowing and willful violations of M. G. L. ch. 93A.

28. The unfair and deceptive acts or practices of the defendants occurred primarily if not exclusively in the Commonwealth of Massachusetts.

29. As a result of the actions and conduct of the defendants, San Luis Central suffered damages in the amount of $36,212.54 and is entitled to double or treble such damages, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

<u>Count IV (Unjust Enrichment)</u>

30. San Luis Central repeats and incorporates by reference paragraphs 1 through 29 above.

31. The defendants were not entitled to retain funds that should have been paid to San Luis Central in respect of car hire. As a result of retaining such funds, the defendants were unjustly enriched.

32. San Luis Central is entitled to restitution of all amounts by which the defendants have been unjustly enriched.

### Count V (Conversion)

33. San Luis Central repeats and incorporates by reference paragraphs 1 through 32 above.

34. The defendants intentionally and wrongfully exercised control or dominion over funds necessary to make car hire payments that were earned by and due to be paid to San Luis Central and converted such funds to their own use.

35. As a result of such conversion, San Luis Central was damaged in the amount of $36,212.54, plus interest, costs, attorneys' fees and further consequential damages to be proven at trial.

### Count VI (Injunction)

36. San Luis Central repeats and incorporates by reference paragraphs 1 through 35 above.

37. The repeated and flagrant refusal of the defendants over a four-year period to honor their contractual commitments to pay car hire to San Luis Central each month as it comes due constitutes grounds for an order enforcing the terms of the Contract by requiring the defendants to pay car hire each month as it comes due. Such a mandatory injunction is necessary and appropriate, because San Luis Central has no ability to protect

8

itself by, for example, preventing its cars from moving over the Springfield Terminal Rail System or requiring prepayment.

## Count VII (Trustee Process and Attachment)

38.  San Luis Central repeats and incorporates by reference paragraphs 1 through 37 above.

39.  Based on the foregoing, it is reasonably likely that San Luis Central will be entitled to a judgment, taking into account car hire that is now due and payable, car hire that will continue to accrue, interest and the possibility of double or treble damages, in an amount in excess of $100,000.

40.  San Luis Central is not aware of any insurance available to satisfy the judgment.

41.  On information and belief, Springfield Terminal maintains an account at the Bank of America. On information and belief, Boston and Maine owns or has a beneficial interest in various parcels of real property that are located within the Commonwealth of Massachusetts in Suffolk or Middlesex Counties..

42.  In accordance with M.G.L. 246, § 1, San Luis Central is entitled to a trustee process attachment of such bank account and to have funds in such account applied to satisfy a judgment in this action. In addition, San Luis Central is entitled to an attachment on all real property located in the Commonwealth of Massachusetts in Suffolk County or Middlesex County that is owned or beneficially held for Boston and Maine or any of the other defendants.

## Relief Requested

San Luis Central respectfully requests that the Court:

9

1. Order a trustee process attachment in the amount of $100,000 against the funds and credits in the account of any of the defendants at the Bank of America;

2. Order a general attachment in the amount of $100,000 on all real property located in the Commonwealth of Massachusetts in Suffolk County or Middlesex County that is held by or for the benefit of any of the defendants;

3. In respect of Counts I, II, IV and V, enter judgment in favor of San Luis Central and against the defendants in the amount of $36,212.54, plus interest, attorneys' fees, costs and other expenses;

4. In respect of Count III, enter judgment in favor of San Luis Central and against the defendants in an amount double or treble the amount of the damages proven at trial, plus interest, attorneys' fees, costs and other expenses;

5. In respect of Count VI, enforce the Contract by ordering the defendants to pay car hire coming due in the future at the times and in the amounts provided by the Contract; and

6. Award such other or additional relief as may be just and proper.

SAN LUIS CENTRAL DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

THE SAN LUIS CENTRAL
RAILROAD COMPANY

By its attorney,

James E. Howard
One Thompson Square
Suite 201
Charlestown, Massachusetts 02129
617-886-9322

SUFFC ., ss.    SUPERIOR COURT DEPA.
(date) _10/19/04_
Notice ordered issued hereon returnable
at the _Superior___ Room 13_
on _10/25/04 - 2:00 pm_
to show cause why
_Motion for attachment and trustee_
should not _process_
_be allowed_
by the Court ( _Smith, J._ )
ATTEST: _[signature]_
Assistant Clerk

October _19_, 2004

_Summons of notice issue_

10

· HEREBY ATTEST AND CERTIFY ON
_OCT. 26, 2004_ THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _[signature]_

ASSISTANT CLERK.

10/15/2004  15:53  6178869324   JAMES E HOWARD

PAGE  22

**CIVIL ACTION
COVER SHEET**

**B.L.S.**   04-4548

**Trial Court of Massachusetts
Superior Court Department
County: SUFFOLK**

PLAINTIFFS)

The San Luis Central Railroad Co.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

James E. Howard    BBO #545565
One Thompson Sq., Suite 201
Charlestown, MA 02129

DEFENDANT(S)

Springfield Terminal Railway Co.
Boston and Maine Corporation MaineCentral
Railroad Co. & Portland Terminal Co.

ATTORNEY (if known)

Robert Culliford
Guilford Rail System
Iron Horse Park, N. Billerica, MA 01862

Origin Code

Original Complaint

| CODE NO. | TYPE OF ACTION AND TRACK DESIGNATION (See reverse side) | | |
|---|---|---|---|
| | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? | |
| BE.1 | Breach of contract    * ( B ) | ( X ) Yes    ( ) No | |

The following is a full and detailed statement of the facts on which plaintiff relies to
determine eligibility in to The Business Litigation Session.

The defendants, each of which is a rail carrier, use rail
freight cars of The San Luis Central Railroad Co. ("San Luis Central"),
the plaintiff. Pursuant to a contract to which the defendants and
San Luis Central are parties, the defendants are required to account
and pay each month for the use of the cars of San Luis Central. The
amounts due for the use of such cars are referred to as "car hire."
Since March, 2004, the defendants have accounted for such use, thereby
admitting their liability, but they have refused to pay. San Luis
Central seeks to recover the amount due in respect of car hire and
double or treble damages pursuant to Massachusetts General Law
ch. 93A due to the defendants' willful and continuing disregard of
undisputed contractual obligations. In addition, San Luis Central is
requesting an attachment to secure its judgment.

*A Special Tracking Order shall be created by the Presiding Justice of the Business Litigation
Session at the Rule 16 Conference.

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___James E Howard___

DATE: 10/19/04

AOTC-6 mac005 11/99
A O S C 1-2000

I HEREBY ATTEST AND CERTIFY ON

OCT. 26, 2004 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

**3**

SUFFOLK, ss.

SUPERIOR COURT
C.A. NO.

**0 4 - 4 5 4 8** C

---

THE SAN LUIS CENTRAL RAILROAD COMPANY, )
)
Plaintiff )
)
v. )
)
SPRINGFIELD TERMINAL RAILWAY COMPANY, )
MAINE CENTRAL RAILROAD COMPANY, )
BOSTON AND MAINE CORPORATION and )
PORTLAND TERMINAL COMPANY, )
)
Defendants )
)
and )
BANK OF AMERICA, )
)
Trustee Process Defendant )

---

<u>PLAINTIFF'S MOTION FOR
SPECIAL PROCESS SERVER</u>

Pursuant to Mass.R.Civ. P. 4(c), the Plaintiff, The San Luis Central Railroad Company, moves for an order appointing Beacon Hill Research Associates as special process server in the above-captioned action for all purposes contemplated by Mass.R.Civ. P. 4.

Service of process will be made by a disinterested person over the age of 18.

SUFFOLK, ss.    SUPERIOR COURT DEPT.
(date) _____10/19/04_____
ALLOWED BY THE COURT.

ATTEST: _____
_Assistant Clerk_

Dated: October 19, 2004

THE SAN LUIS CENTRAL
RAILROAD COMPANY

By its attorney,

_James E. Howard_
James E. Howard
One Thompson Square
Suite 201
Charlestown, Massachusetts 02129
617-886-9322

. HEREBY ATTEST AND CERTIFY ON

__OCT. 26, 2004__, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____

ASSISTANT CLERK.