| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-4548 C | Trial Court of Massachusetts Superior Court Department County: |
|---|---|---|

PLAINTIFF(S)
THE SAN LUIS CENTRAL RAILROAD CO.

DEFENDANT(S) SPRINGFIELD TERMINAL RAILWAY CO., BOSTON AND MAINE CORP., MAINE CENTRAL RAILROAD CO. AND PORTLAND TERMINAL CO.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
JAMES E. HAWARD
ONE THOMPSON SQUARE, SUITE 201
CHARLESTOWN, MA 02129

Board of Bar Overseers number:

ATTORNEY (if known)
ROBERT B CULLIFORD
IRON HORSE PARK
N. BILLERICA, MA 01862

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A01 | BREACH OF CONTRACT | ( ) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................................. $.............
2. Total Doctor expenses ................................................................. $.............
3. Total chiropractic expenses ........................................................... $.............
4. Total physical therapy expenses ...................................................... $.............
5. Total other expenses (describe) ...................................................... Subtotal $.............

B. Documented lost wages and compensation to date ...................................... $.............
C. Documented property damages to date .................................................. $.............
D. Reasonably anticipated future medical and hospital expenses .......................... $.............
E. Reasonably anticipated lost wages .....................................................
F. Other documented items of damages (describe) ......................................... $.............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$.............
TOTAL $.............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
DEFENDANTS HAVE REFUSED TO PAY AMOUNTS DUE UNDER A
CONTRACT

TOTAL $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT     N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____James E. Howard_____     DATE: 10/19/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON

OCT. 26, 2004, THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY. _____Lorraine R. Antosca_____

ASSISTANT CLERK.

10·22    5

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.                                    SUPERIOR COURT
                                                C.A. NO.
                                                  04-4548 C̶

```
_____  )
THE SAN LUIS CENTRAL RAILROAD COMPANY, )
                                       )
            Plaintiff                  )
                                       )
              v.                       )
                                       )
SPRINGFIELD TERMINAL RAILWAY COMPANY,  )
MAINE CENTRAL RAILROAD COMPANY,        )
BOSTON AND MAINE CORPORATION and       )
PORTLAND TERMINAL COMPANY,             )
                                       )
            Defendants                 )
                                       )
              and                      )
BANK OF AMERICA,                       )
                                       )
          Trustee Process Defendant    )
_____  )
```

### EMERGENCY MOTION OF THE SAN LUIS CENTRAL RAILROAD COMPANY FOR ATTACHMENT AND TRUSTEE PROCESS

The San Luis Central Railroad Company ("San Luis Central") hereby requests the

Court to enter orders pursuant to Massachusetts Rules of Civil Procedure 4.1 and 4.2

attaching real property of the defendants and granting a trustee process attachment

against funds held in an account of the defendants by the Bank of America. In support

thereof, San Luis Central alleges as follows:

As described in the Complaint, this is an action to recover "car hire" which is

comprised of amounts owed by the defendants, which operate a rail system known as the

"Springfield Terminal Rail System", for the use of rail freight cars of San Luis Central.

In addition, San Luis Central is seeking double or treble damages pursuant to

Massachusetts General Law ch. 93A as a consequence of the defendants' blatant disregard of clear contractual obligations to pay car hire.

Rules 4.1 and 4.2 explicitly authorize the Court to approve a trustee process attachment and a real estate attachment if there is a reasonable likelihood that the plaintiff will recover a judgment in an amount equal to or greater than the amount of the attachment and there is no liability insurance known to be available to satisfy a judgment. See Gauthier v. Blanco, 2002 Mass. App. Div. 121, 2002 WL 1453660*1 (Mass. App. Div.); Kitlaeff v. Maloney, 1 Mass. L. Rptr. 328 (1993); Construction Publishing Co. v. Eaton-Turner, Inc., 24 Mass. App. Ct. 917 (1987).

There is no issue with respect to the liability of the Springfield Terminal Rail System for the car hire in question. The obligation is clearly delineated in a contract to which San Luis Central and the defendants are parties. Complaint at ¶ 10; Affidavit of Edward A. Burkhardt ("Burkhardt") at ¶ 2. Moreover, there is no issue with respect to the amount owed by the Springfield Terminal Rail System. Complaint at ¶¶13-14; Burkhardt at ¶ 5. The amount in controversy is based upon the records of the Springfield Terminal Rail System and is reported monthly to San Luis Central. Id. Thus, there is more than a reasonable likelihood that San Luis Central will obtain a judgment in this action.

There is a substantial risk that the Springfield Terminal Rail System will not pay the judgment entered in this case. Complaint at ¶¶ 15-17; Burkhardt at ¶¶ 6-7. Notwithstanding a contractual obligation to pay monthly and repeated requests by San Luis Central for payment, the Springfield Terminal Rail System has not paid car hire to San Luis Central on a timely basis for many years. Complaint at ¶ 15; Burkhardt at ¶¶ 4-

2

5. Even if the Springfield Terminal Rail System were inclined to pay the judgment entered in this case, there is the risk that it will not have adequate funds to pay the judgment. Complaint at ¶ 17; Burkhardt at ¶ 7. As described in the Complaint, the Springfield Terminal Rail System appears to be compelling San Luis Central and other creditors to provide working capital that the Springfield Terminal Rail System cannot generate without forced "borrowings" from parties with which it does business. Complaint at ¶ 17; Burkhardt at ¶¶ 6-7. In these circumstances, an attachment is needed in order to secure and to provide a source of payment of the judgment.

The principal amount of the car hire that is due and payable at this time is approximately $36,000, and, based upon recent experience, the principal amount will continue to grow at the rate of approximately $6,000 per month. Complaint at ¶ 13. In addition, however, San Luis Central is seeking double or treble damages and counsel fees pursuant to ch. 93A, and interest has begun to accrue on the amount of the judgment. In the circumstances, an attachment in the amount of $100,000 would be reasonable and appropriate.

Springfield Terminal Railway Company, one of the defendants, has a bank account at the Bank of America. Furthermore, Boston and Maine Corporation, another of the defendants, owns real property located in Massachusetts in Suffolk and Middlesex Counties.

WHEREFORE, San Luis Central respectfully requests the Court to order (1) an attachment in the amount of $100,000 against real property of any of the defendants located in Suffolk or Middlesex Counties, Massachusetts and (2) a trustee process

3

attachment against funds of any of the defendants in the hands of the Bank of America.

Respectfully submitted,

SAN LUIS CENTRAL RAILROAD
COMPANY

By its attorney,

James E. Howard
One Thompson Square
Suite 201
Charlestown, Massachusetts 02129
617-886-9322

Dated: October 19, 2004

HEREBY ATTEST AND CERTIFY ON
OCT. 26. 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY.

ASSISTANT CLERK.

4

COMMONWEALTH OF MASSACHUSETTS
BUSINESS LITIGATION SESSION

SUFFOLK, ss.

SUPERIOR COURT
C.A. NO.

04-4548

```
                                    )
THE SAN LUIS CENTRAL RAILROAD COMPANY, )
                                    )
        Plaintiff                   )
                                    )
        v.                          )
                                    )
SPRINGFIELD TERMINAL RAILWAY COMPANY, )
MAINE CENTRAL RAILROAD COMPANY,     )
BOSTON AND MAINE CORPORATION and    )
PORTLAND TERMINAL COMPANY,          )
                                    )
        Defendants                  )
                                    )
        and                         )
BANK OF AMERICA,                    )
                                    )
        Trustee Process Defendant   )
                                    )
```

## AFFIDAVIT OF EDWARD A. BURKHARDT

Edward A. Burkhardt, being duly sworn, deposes and says:

1. I am the President and Treasurer of The San Luis Central Railroad Company ("San Luis Central"). I am generally familiar with the business and operations of San Luis Central, and, in particular, I am familiar with the freight cars owned by San Luis Central and the obligations of other railroads to pay "car hire" for the use of such freight cars. I am also Chairman of the Board of Directors of Montreal, Maine & Atlantic Railway, which is a railroad that has a line that connects directly with the Springfield Terminal Rail System, which is owned and operated by the defendants in this case. As a

result, I am generally familiar with the Springfield Terminal Rail System and its operations.

2. Freight cars owned by San Luis Central, as well as other freight cars owned by other railroads or non railroads, move as necessary over the lines of multiple railroads in order to transport freight from origins to destinations throughout North America. Pursuant to an agreement among almost all North American railroads, referred to as "Circular No. OT-10", each railroad is obligated to pay the owner of freight cars a specified amount for each day that the cars are on the line of a non-owning railroad. Pursuant to the agreement, each railroad that has the cars of another railroad on its line sends a report each month to the owner of the cars and is obligated to pay the amount of car hire indicated to be due by the report. San Luis Central and the Springfield Terminal Rail System are parties to the agreement.

3. Freight must move from origins to destinations without interruption in order for railroads to meet their obligations as carriers. The car hire system described above was devised and implemented by the railroads in order to facilitate the movement of freight and to ensure that appropriate car hire payments were made monthly to railroads that owned cars. Railroad car owners have no ability to use self-help if other railroads over which the cars move refuse or fail to pay car hire as it comes due. For example, car owners cannot require prepayment, nor can they divert cars to avoid movement over railroads that do not pay car hire as required.

4. From 2001 until April, 2004, the Springfield Terminal Rail System did not pay San Luis Central amounts owed for car hire as they came due. I sent several letters to officials of the Springfield Terminal Rail System demanding payment, but I received no

2

response whatsoever. Ultimately, San Luis Central was forced to hire legal counsel to pursue payment of the car hire amounts that were unpaid. Finally, in April, 2004, we were able to recover car hire attributable to the period from 2001 through February, 2004.

5. For all months beginning with March, 2004 to the present time, the Springfield Terminal Rail System has refused to pay car hire to San Luis Central. The car hire amounts are based upon reports prepared by the Springfield Terminal Rail System, and there is no dispute with respect to such amounts. The Springfield Terminal Rail System sends monthly reports to San Luis Central, but the reports are not accompanied by any payment, as required by the car hire agreement. Despite repeated demand for payment, no payment has been made for any months beginning with March, 2004.

6. It is my understanding that the Springfield Terminal Rail System is not paying certain of its bills in a timely manner. For example, I have reviewed several newspaper articles that indicate that the Springfield Terminal Rail System owes in excess of $1 million in real estate taxes to Rensselaer County, New York and approximately $200,000 in taxes to Waterville, Maine. Based upon conversations with others in the rail transportation industry and my general knowledge of the Springfield Terminal Rail System, I believe that other railroads and entities that own rail cars that move across the Springfield Terminal Rail System have not been paid car hire that is due and owing.

7. The Springfield Terminal Rail System does not publish any financial information, but it is my understanding, again based upon conversations with others in the rail transportation industry and my general knowledge of the Springfield Terminal Rail System, that the Springfield Terminal Rail System has inadequate working capital and that this inadequacy is the reason that certain bills, such as the car hire owed to San

3

Luis Central, are not paid. Because of the situation, there is a risk that the Springfield

Terminal Rail System will choose not to pay a judgment that may be entered in this

action, just as they chose not to pay car hire to from 2001 through early 2004 and then

again from March, 2004 to the present time. Even if they wished to pay a judgment,

there is a risk that they will be unable to do so because of a lack of sufficient working

capital. In these circumstances, there is a clear need for security or a designated source of

funds to ensure payment of a judgment.

    Sworn to and subscribed under the penalties of perjury this __ day of October,

2004.

Edward A. Burkhardt

. HEREBY ATTEST AND CERTIFY ON
OCT. 26, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT,
BY,

ASSISTANT CLERK.

4

CERTIFICATE OF SERVICE

I, James E. Howard, hereby certify that on this 19th day of October, 2004 I served the foregoing "Affidavit of Edward A. Burkhardt" by sending copies via Federal Express to the following:

Robert B. Culliford
General Counsel
Guilford Rail System
Iron Horse Park
North Billerica, Massachusetts 01862

Bank of America
100 Federal Street
Boston, Massachusetts 02241

James E. Howard